1

2

3

4

5

6

7

8                      **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ELISSIA SALUD VEGA,                          No.  2:23-CV-1074-DMC-P

12                     Plaintiff,

13          v.                                      ORDER

14    SOLANO COUNTY JAIL, et al.,

15                     Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19          The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22    initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

23    Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24    portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25    be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

26    28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

27    complaints contain a ". . . short and plain statement of the claim showing that the pleader is

28    entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1   concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

2   Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

3   of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

4   1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

5   overt acts by specific defendants which support the claims, vague and conclusory allegations fail

6   to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

7   required by law when the allegations are vague and conclusory.

8

9                              **I.  PLAINTIFF'S ALLEGATIONS**

10              Plaintiff names the following as defendants: (1) the Solano County Jail; and (2)

11  Officer A. Merrick.  See ECF No. 1, pg. 2.  Plaintiff alleges the events giving rise to the

12  complaint occurred at the Solano County Justice Center.  See id. at 1.  Plaintiff alleges that she

13  was involved in an altercation with another inmate when she was shot twice by Officer Merrick

14  with a taser.  See id. at 3.  Plaintiff claims that, while a verbal altercation was taking place Officer

15  Merrick stood by and did nothing to diffuse the situation, which escalated to a physical altercation

16  and Officer Merrick deploying the taser.  See id.  Plaintiff also claims that, after being shot with

17  the taser, she failed to receive adequate medical attention.  See id. at 4.  Finally, Plaintiff alleges

18  that, between April 18, 2023, and April 27, 2023, she was denied access to basic hygiene items.

19  See id. at 5.  Plaintiff does not name any specific officers alleged to have failed to provide

20  medical attention or basic necessities.

21

22                                    **II.  DISCUSSION**

23              The Court finds that in Claim I of his pleading, Plaintiff states a plausible Eighth

24  Amendment claim against Officer Merrick based on being shot with a taser and failing to prevent

25  the physical altercation.  The Court, however, finds that Plaintiff's medical care and conditions-

26  of-confinement claims fail to establish a causal link to any named defendant.  The Court further

27  finds that Plaintiff's complaint fails to allege facts sufficient to establish municipal liability

28  against Solano County, which maintains the Solano County Jail.

1     **A.**     <u>**Causal Link**</u>

2         In her second claim, Plaintiff alleges that, after being shot with a taser by Officer

3 Merrick, she did not receive adequate medical attention.  In her third claim, Plaintiff alleges that

4 she was denied basic hygiene items between April 18, 2023, and April 27, 2023.

5         To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

6 connection or link between the actions of the named defendants and the alleged deprivations.  <u>See</u>

7 <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A

8 person 'subjects' another to the deprivation of a constitutional right, within the meaning of

9 § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

10 an act which he is legally required to do that causes the deprivation of which complaint is made."

11 <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

12 concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

13 <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

14 specific facts as to each individual defendant's causal role in the alleged constitutional

15 deprivation.  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).

16         Here, Plaintiff's second and third claims are defective because she does not allege

17 who violated her rights.  Plaintiff will be provided an opportunity to amend.

18     **B.**     <u>**Municipal Liability**</u>

19         Plaintiff names as a defendant the Solano County Jail, which is administered by

20 Solano County.

21         Municipalities and other local government units are among those "persons" to

22 whom § 1983 liability applies. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978).

23 Counties and municipal government officials are also "persons" for purposes of § 1983. <u>See</u> <u>id.</u> at

24 691; <u>see also</u> <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1443 (9th Cir. 1989). A local

25 government unit, however, may not be held responsible for the acts of its employees or officials

26 under a respondeat superior theory of liability. <u>See</u> <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S.

27 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of

28 the actions of its employees or officers. <u>See id.</u> To assert municipal liability, therefore, the

1  plaintiff must allege that the constitutional deprivation complained of resulted from a policy or
2  custom of the municipality. See id.

3        Plaintiff's claim against Solano County cannot proceed as currently pleaded
4  because Plaintiff has not alleged any facts to indicate that her rights were violated due to
5  implementation of any municipal policy or custom.  Plaintiff will be provided an opportunity to
6  amend.

7

8  **III.  CONCLUSION**

9        Because it is possible that the deficiencies identified in this order may be cured by
10  amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d
11  1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an
12  amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13  1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the
14  prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An
15  amended complaint must be complete in itself without reference to any prior pleading.  See id.

16        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
17  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See
18  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
19  each named defendant is involved, and must set forth some affirmative link or connection
20  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
21  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22        Because the complaint appears to otherwise state cognizable claims, if no amended
23  complaint is filed within the time allowed therefor, the Court will issue findings and
24  recommendations that the claims identified herein as defective be dismissed, as well as such
25  further orders as are necessary for service of process as to the cognizable claims.
26  / / /
27  / / /
28  / / /

4

1           Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended

2    complaint within 30 days of the date of service of this order.

3

4    Dated:  July 24, 2023

5    _____

6    DENNIS M. COTA
     UNITED STATES MAGISTRATE JUDGE